# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Lyle Edward Dickson, | 2:25-cv-02152-ART-MDC |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF No. 27)** |
| Kevin McMahill., et al., | |
| Defendant(s). | |

Pro se plaintiff filed a *Motion for Leave to Amend the Complaint*. *ECF No. 27*. The Court **GRANTS** the Motion.

## I.    BACKGROUND

This is a civil rights case regarding plaintiff's allegedly unlawful arrest. *ECF No. 27-1*. The parties stipulated to amend the deadline to amend pleadings to May 1, 2026, which the Court granted. *ECF No. 26*. The plaintiff filed his Motion prior to the new stipulated amendment deadline. *ECF No. 27*. Plaintiff argues that he wants to add identified supervisory defendants and to add/clarify claims. *Id*. Plaintiff attached his proposed amended complaint: he identifies three LVMPD supervisors (Sergeant Matthew Carter, Lieutenant Kenneth Nogle, and Captain Gregory Phenix). *Id. at 27-1*. Plaintiff also sets out additional factual allegations and includes a potential additional claim. *Id*. The defendants argue plaintiff's amended complaint is futile. *ECF No. 28*.

## II.    DISCUSSION

### A.  Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*,

356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

### A. Analysis

The Court finds that there is no bad faith here. There is also no undue delay because the plaintiff filed his motion before the amendment deadline. The defendants will not be prejudiced by the amendment because the new defendants and allegations are closely related to the claims in the operative complaint. While the defendants oppose plaintiff's amendment on futility grounds, the Court finds that futility is better addressed in a Motion to Dismiss. Plaintiff has shown good cause to amend the complaint.

**IT IS ORDERED:**

1. Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 27) is **GRANTED.**

2. Plaintiff **MUST** file the amended complaint on docket within one week of this order.

DATED:    June 8, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

2

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**