**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lyle Edward Dickson<br>Plaintiff(s),<br>vs.<br>Kevin McMahill., et al.,<br>Defendant(s). | 2:25-cv-02152-ART-MDC<br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO AMEND (ECF NO. 32)**<br>**AND**<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY (ECF NO. 39) AND GRANTING THE MOTION TO EXTEND TIME (ECF NO. 43) IN PART** |

Pro se plaintiff filed a *Motion for Leave to Amend* (ECF No. 32), a *Motion for Pro Se Litigant to File Electronically* (ECF No. 39), and a *Motion to Extend Time* (ECF No. 43). The Court **RECOMMENDS DENYING** the Motion for Leave to Amend. *ECF No. 32*. The Court **GRANTS** the Motion for Pro Se Litigant to File Electronically. *ECF No. 39*. The Court **GRANTS** the Motion to Extend Time (ECF No. 43) **IN PART**.

## I. REPORT AND RECOMMENDATION TO DENY MOTION TO AMEND

### A. Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Federal Rule of Civil Procedure 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Fed. R. Civ. P. 15(a)." *Eminence Capital, LLC v.*

*Aspeon, Inc*., 316 F.3d 1048, 1049 (9th Cir. 2003). The Ninth Circuit has declared that when a party files a motion for leave to amend after the date set forth in Rule 16 scheduling order, "the party [can] not appeal to the liberal amendment procedures afforded by Rule 15; [the] tardy motion ha[s] to satisfy the more stringent 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). "The denial of a motion to amend a complaint is reviewed for abuse of discretion." *Johnson*, 356 F.3d at 1069.

Pro se plaintiffs are “expected to abide by the rules of the court in which he litigates." *Carter v. C.I.R*., 784 F.2d 1006, 1008 (9th Cir.1986). “He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an advocate for or to assist and guide the pro se layman through the trial thicket.” *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

**B. Analysis**

Plaintiff argues in his Motion for Leave to Amend that he wants to add Officer M. Schultz as a defendant. *ECF No. 32*. Plaintiff argues that Schultz “acted in concert with Defendant Trumble and/or was negligent in their actions by failing to supervise Trumble or, in the alternative, gave Trumble some horrible advice on arresting Plaintiff, thus placing Trumble in a position of great liability.” *Id. at 2*. Defendants argue they would be prejudiced because the amendment deadline has passed. *ECF No. 35*. Defendants also argue that plaintiffs knew about Schultz long before the amendment deadline passed because they identified Schultz in their initial disclosures as an arresting officer and included the arrest report and body-camera footage concerning the arrest. *Id. at 2*. Plaintiff did not file a reply.

Plaintiff filed an amended complaint shortly before the amended complaint deadline expired and after the defendants sent him their initial disclosures. *ECF No. 31*. The deadline for plaintiff to amend his complaint passed shortly after his most recent amendment. *ECF No. 26*. This deadline has not been extended. Plaintiff now attempts to file the instant Motions to Amend, but he does not explain

why such a delay should be excused based upon excusable neglect or good cause. Plaintiff suggests that he did not know about Officer M. Schultz identity and role until plaintiff deposed defendant Trumble on May 29, 2026 (ECF No. 32). In their opposition (ECF No. 35), defendants state the identity and role in the relevant arrest of Officer M. Schultz was known to plaintiff as of March 9, 2026, when defendants served plaintiff with their initial disclosures that expressly identified Officer M. Schultz as an offer involved in the arrest along with the body camera footage of the arrest from which each officer's role could be ascertained (ECF No. 35). Plaintiff did not dispute or otherwise respond to defendants' contentions.

The Court finds that the defendants would be prejudiced by the delay in this filing. This case is close to the end, and adding a new defendant that plaintiff already had notice of would essentially reset this case to the beginning. Plaintiff's delay in filing here is not supported by any reason or excuse. This delay was in the exclusive control of plaintiff. Plaintiff did not file a Motion for Leave to Amend within a reasonable amount of time after learning of Schultz. Plaintiff's late filing does not support a finding of diligence, good cause, or excusable neglect, especially when plaintiff does not explain why he was delayed in filing. The Court recommends denying plaintiff's Motion for Leave to Amend. *ECF No. 32*.

## II. ORDER GRANTING PLAINTIFF'S MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY (ECF NO. 39) AND GRANTING THE MOTION TO EXTEND TIME (ECF NO. 43)

Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Plaintiff has internet access and an email account. *ECF No. 39*. Because the Court finds that plaintiff is capable of filing electronically, it grants the motion.

Regarding the extension of time, the Court has broad discretion in supervising the pretrial phase of litigation. *See Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002). Local Rule 26-3 states that:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause.

LR 26-3. "A motion to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension." *Buononato v. Sam's West, Inc.*, Nos. 18, 19, slip op. at 1 (D. Nev. Nov. 18, 2020).

Plaintiff requests a modest extension of time to complete discovery (thirty days) and he filed it within twenty-one days before discovery closed. *ECF No. 43*. Plaintiff discusses discovery he has taken and he lists what additional discovery he needs to take in his Motion to Extend Time. *Id*. Plaintiff alleges that the defendants have been uncooperative in his attempts to take the discovery. *Id*. For example, plaintiff added a new defendant Carter when he amended and he states that (1) he has been unable to submit interrogatories to defendant Carter regarding information he learned in the deposition of defendant Trumble and (2) that he has been attempting to depose defendant Carter but that defense counsel did not cooperate. *Id. at 2*.

Defendants argue that plaintiff could have served the interrogatories/deposition notice earlier and he did not properly notice Carter's deposition. *ECF No. 47 at 7*. Discovery closed during the time that the parties were briefing the instant motion. The Court finds that the plaintiff has shown good cause to extend discovery by thirty days, but only for the limited discovery (the interrogatories and the deposition) that plaintiff seeks to take regarding defendant Carter. The parties are expected to work together regarding the interrogatories that plaintiff wants to send to defendant Carter and setting Carter's deposition.

**IT IS RECOMMENDED THAT** plaintiff's *Motion for Leave to Amend* (ECF No. 32) be **DENIED.**

**IT IS ORDERED** that:

1. Plaintiff's *Motion to Extend Time* (ECF No. 43) is **GRANTED IN PART**, as discussed in

this Order. The new deadlines are below.

a. Limited Discovery Completion September 21, 2026

b. Discovery Motions Deadline September 21, 2026

c. Dispositive motions October 21, 2026

d. Joint Pretrial Order November 20, 2026.

e. If dispositive motions are filed, the date for filing the Joint Pretrial Order will be suspended until thirty days after a decision on the dispositive motion.

2. Plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF Nos. 39) is **GRANTED.**

3. Plaintiff is authorized to register as a filer in this case.

4. Plaintiff shall familiarize himself with the Local Rules pertaining to filing electronically. See LR IC 2-1 and 2-2.

5. Plaintiff must submit a completed registration form available on the Court's website.

6. Plaintiff shall comply with the following procedures to activate a CM/ECF account:

a. Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form on the Court's website.

b. Plaintiff must read and comply with the guidelines for e-filing available both on the Court's website and here at https://perma.cc/2NCZ-T2WX

DATED: August 24, 2026.

_______________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**