**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LYLE EDWARD DICKSON,<br>Plaintiff,<br>vs.<br>KEVIN McMAHILL, *et al.*,<br>Defendants. | Case No.: 2:25-cv-02152-ART-MDC<br>**ORDER GRANTING**<br>**STIPULATION TO STAY DISPOSITIVE MOTIONS DEADLINE**<br>**(First Request)** |

Plaintiff Lyle Dickson, in Proper Person, and Defendants Michael Trumble, Kevin McMahill, Gregory Phenis, and Matthew Carter (collectively "Defendants") submit this Stipulation and Order to stay the current deadline to file dispositive motions until the Court resolves all currently pending Motions, including Defendants' Motion to Dismiss, (ECF No. 33), and Plaintiff's Motion to Compel, (ECF No. 49).

The current deadline to file dispositive motions is October 21, 2026, (ECF No. 48). The parties hereby agree that the dispositive motions deadline will become thirty days after the Court issues a ruling on Defendants' Motion to Dismiss, (ECF No. 33), and Plaintiff's Motion to Compel,

(ECF No. 49).

A good cause standard governs this request for a stay of the dispositive motions deadline. Fed. R. Civ. P. 16(b)(4) (establishing that a scheduling order "may be modified only for good cause and with the judge's consent"); *see also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.").

Here, the parties recognize, as courts have in the past, the public policy interests in staying the deadline to submit a motion for summary judgment until after an already pending motion to dismiss is resolved. *See Navarrete v. Poly-West, Inc.*, 2019 U.S. Dist. LEXIS 244119, at *4 (D. Nev. Dec. 4, 2019); *see also Houston v. Weir*, 2021 U.S. Dist. LEXIS 54456 (D. Nev. March 23, 2021) (granting a motion to extend the deadline to file dispositive motions until after the ruling on the pending motion to dismiss). Doing so ensures the parties do not expend resources unnecessarily nor inundate the Court with briefing that may become moot, in whole or in part, by a ruling on a pending motion to dismiss.

Likewise, the parties agree that good cause supports temporarily staying the dispositive motions deadline until Plaintiff's Motion to Compel is resolved because filing motions for summary judgment should occur on a complete record rather than a potentially shifting evidentiary basis.

Additionally, Plaintiff will be out of the country from October 25th through November 14th.

For these reasons, the parties respectfully request a stay of the dispositive motions deadline until the Court can rule on Defendants' pending Motion to Dismiss, (ECF No. 33), and Plaintiff's Motion to Compel, (ECF No. 49). Upon the Court's decision on the pending Motions, the

dispositive motions deadline will become thirty days after the last ruling resolving the Motions, (ECF Nos. 33, 49).

DATED this 19th day of October, 2026.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendants***

By: */s/ Lyle Edward Dickson*
Lyle Edward Dickson
2541 Banora Point
Las Vegas, NV 89134

***Plaintiff, Pro Se***

IT IS SO ORDERED.

**IT IS SO ORDERED.**

Anne R. Traum
United States District Judge

Dated on this 20th day of October, 2026.